Opinion
 

 KLAUS, P. J.
 

 In January 1974, respondents Antonio—who have not filed a brief in this appeal—obtained a judgment against one Doreen Smith, a licensed mineral, oil and gas broker, in the amounts of $5,941 in actual damages and $902 in interest to the date of the judgment, plus costs. In June 1974, respondents applied for an order directing payment of their unsatisfied judgment from the real estate education, research and recovery fund, as authorized by Business and Professions Code section
 
 *130
 
 10471.
 
 [1]
 
 The commissioner opposed the application and the matter was placed off calendar so that respondents could first recover from Smith’s bonding company. After they recovered $5,000 from the bonding company, the trial court, in June 1976, awarded respondents $2,883 payable out of the real estate education, research and recovery fund. This amount represented the difference between the amount of the judgment—totaling $6,885—less the $5,000 paid by the bonding company, or $1,885, plus interest from the date of judgment.
 

 The real estate commissioner appeals, contending that the trial court should not have awarded post-judgment interest. The contention is without merit. In
 
 Nordahl
 
 v.
 
 Department of Real Estate
 
 (1975) 48 Cal.App.3d 657 [121 Cal.Rptr. 794], the respondents, who also had obtained a judgment against a real estate department licensee, obtained an order for payment from the fund of the principal sum of the judgment plus interest from the date the claim arose plus costs. The department appealed, contending that recovery under Business and Professions Code section 10471 was limited by the terms of that statute to the “amount of actual and direct loss” caused by the licensee’s misconduct and that such actual and direct loss did not encompass interest. The Court of Appeal disagreed:
 

 “[T]he purpose of section 10471 of the Business and Professions Code is remedial. It is intended to protect the public against loss resulting from misrepresentation and breach of fiduciary duty by real estate brokers who are unable to respond to damage awards. Within the limitations stated it must, therefore, be given a liberal construction. . ..
 

 “Liberally construed, the language of section 10471 authorizes the inclusion of both the interest and the costs under the circumstances of this case.. . .” (48 Cal.App.3d at p. 663.)
 

 
 *131
 
 “The words ‘loss’ and ‘damage’ have long been considered virtually synonymous, and both terms refer to that which is necessary to make the plaintiff whole.
 

 “The limitation of the award to that portion of the judgment representing the plaintiff’s ‘actual and direct loss in such transaction’ does not express any intent that the plaintiff should receive anything less than that which from a monetary standpoint will serve to restore the plaintiff to the position she would have been in had [the licensee’s] fraud not occurred. ...”
 
 (Id.,
 
 at p. 664.)
 

 We think
 
 Nordahl
 
 is right in point. The commissioner, however, contends that
 
 Nordahl
 
 is distinguishable because that case involved only prejudgment interest. We find no reason, however, to distinguish between prejudgment and post-judgment interest, particularly since any conceivable statutory limitation applies only to prejudgment interest. (Civ. Code, §§ 3287, 3288; e.g.,
 
 Elliano
 
 v.
 
 Assurance Co. of America
 
 (1975) 45 Cal.App.3d 170, 182-183 [119 Cal.Rptr. 653];
 
 Vogelsang
 
 v.
 
 Wolpert
 
 (1964) 227 Cal.App.2d 102, 125 [38 Cal.Rptr. 440].)
 

 The commissioner points out that section 10471 provides that recovery may be had only of the amount of actual and direct loss of the “amount unpaid upon the judgment.” In
 
 Nordahl,
 
 however, the court rejected appellant’s contention that “unpaid upon the judgment” was limited to the principal amount of the award. (48 Cal.App.3d at p. 664.)
 

 The commissioner also points out that the legislation “is replete with requirements of the pursuit of alternative remedies before turning to the Fund for relief.” In particular, he points to subdivision (f) of section 10472 making it a condition precedent to recovery from the fund that the applicant pursue “diligently ... his remedies against all the judgment debtors and all other persons liable to him in the transaction ... .” The commissioner points out that when the application for payment from the fund was filed in the instant case, respondents had not pursued their remedy on the licensee’s bond and that the proceedings were delayed for about a year while respondents did collect from the bonding company.
 

 We disagree. First, the statutory requirement of diligence has nothing to do with the recovery of interest, either before or after judgment. If it is not met, the injured parties recover nothing. Second, the argument
 
 *132
 
 proves too much, because the possibility of delay is not limited to post-judgment interest. In
 
 Nordahl,
 
 for example, the plaintiff recovered interest from the date that the licensee obtained the funds from the plaintiff (48 Cal.App.3d at p. 659). We assume the
 
 Nordahl
 
 court recognized the possibility that the claimant might have delayed in filing and pursuing his action to judgment, and nonetheless held that interest was properly recoverable from the fund.
 

 Finally, the commissioner contends that Nordahl—in which the Supreme
 
 Court
 
 denied a hearing—was wrongly decided. Since we can find no reason to disagree with
 
 Nordahl,
 
 that contention is more properly directed to the Supreme Court.
 

 The judgment is affirmed.
 

 Stephens, J., and Hastings, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied August 18, 1977
 

 [1]
 

 Business and Professions Code section 10471 provides that when any “aggrieved' person obtains a final judgment . . . against any person . . . licensed under this part, under grounds of fraud, misrepresentation, deceit, or conversion of trust funds arising directly out of any transaction when the judgment debtor was licensed ... the aggrieved person may ... file a verified application ... for an order directing payment out of the separate account in the Real Estate Fund for education, research, and recovery purposes of the amount of actual and direct loss in such transaction” up to $10,000 “of the amount unpaid upon the judgment,. . .”